UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

February 23, 2010

**VIA ELECTRONIC FILING**

Charles W. Gilligan, Esq.
R. Richard Hopp, Esq.
O'Donoghue and O'Donoghue, LLP
4748 Wisconsin Avenue NW
Washington, DC 20016

Jason Herbert Ehrenberg, Esq.
Bailey and Ehrenberg, PLLC
1015 18th Street NW, Suite 601
Washington, DC 20036

Re:  Trustees of The National Automatic Sprinkler Industry Welfare Fund et al v. Fire
     Sprinkler Specialties, Inc.
     Civil Action No.:  RWT-08-1890

Dear Counsel:

The Court has received Plaintiffs' Petition for Fees ("Plaintiffs' Petition") (Docket Item No. 44).  The Court has reviewed Plaintiffs' Petition and all related briefings.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md).  For the reasons stated below, the Court GRANTS Plaintiffs' Petition.

Plaintiffs seek attorneys' fees in response to Defendant's failure to appear at the December 17, 2009 settlement conference.  Plaintiffs correctly note that in a November 10, 2009 Order, this Court specifically warned Defendant that previous requests to appear remotely were denied and "failure to comply with the Court's Order herein set forth may result in the imposition of sanctions."  Plaintiffs' Petition, at 1.  On December 17, 2009 the Court determined that Defendant failed to comply with the November 10, 2009 Order and Local Rule 607.3.  As a result, the Court requested that Plaintiffs submit a Petition for Fees indicating the fees and expenses Plaintiffs incurred in preparing for and attending the settlement conference.  Plaintiffs complied with this request and the Court now awards Plaintiffs $1,375.00 in attorneys' fees.

This Court uses a lodestar analysis to determine attorneys' fees awards, an analysis which involves multiplying the number of reasonable hours expended by a reasonable hourly rate. Robinson v. Equifax Info. Serv., 560 F.3d 235, 243 (4th Cir. 2009), *citing* Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008).  Reasonableness is key in this analysis and twelve *Johnson* factors guide the Court in determining what are "reasonable" hours and rates.  The twelve *Johnson* factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised;
> (3) the skill required to properly perform the legal services rendered; (4) the
> attorney's opportunity costs in pressing the instant litigation; (5) the customary
> fee for like work; (6) the attorney's expectation at the out-set of the litigation; (7)

     the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

*See*, Robinson v. Equifax Info. Serv., 560 F.3d 235, 243 (4th Cir. 2009); Barber v. Kimbrell's Inc., 577 F.2d 216, 226, n.28 (4th Cir. 1978) (where the court adopted the factors established in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by* Blanchard v. Bergeron, 489 U.S. 87 (1989). In determining the reasonableness of the fees requested, the Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Appendix B, Local Rules (D. Md.) ("Rules and Guidelines"). Plaintiffs request attorneys' fees for the work of one attorney with 20 years of experience. The Rules and Guidelines suggest an hourly rate of $275 to $400 for work by lawyers admitted to the bar for more than fifteen years. Therefore, under the Rules and Guidelines Plaintiffs' request of $275 per hour is reasonable. Using the *Johnson* factors, the Court also finds that the number of hours Plaintiffs request for five hours of work is reasonable. For this analysis the Court finds *Johnson* factors one, three and nine most persuasive. Given the lodestar calculation, review of the *Johnson* factors, the Local Rules' Rules and Guidelines, and the Court's review of Plaintiffs' Petition, the Court concludes that Plaintiffs' request for attorneys' fees is reasonable. As such, the Court awards Plaintiffs $1,375.00 in attorneys' fees. This award applies jointly and severally against Defendant and its counsel for the reasons set forth in the Court's Letter Order of December 18, 2009, found at Docket No. 45.

     For the aforementioned rationale, the Court GRANTS Plaintiffs' Petition. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

                                                                         Very truly yours,

                                                                         _____/s/_____  
                                                                         Charles B. Day  
                                                                         United States Magistrate Judge

CBD/ec